IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OSCASIO L. BYRD, ID # 780836, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:08-CV-1049-K (BH) |
| | ) | ECF |
| CHERYL BOOKER, et al., | ) | Referred to U.S. Magistrate Judge |
| Defendants. | ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

On or about June 23, 2008, Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 against three employees of the Texas Board of Pardons and Paroles in their official capacities. (*See* Compl. at 1.) His claims relate generally to his parole revocation hearing of June 26, 2007. (See Answer to Question 2 of Magistrate Judge's Questionnaire (MJQ).[1]) He claims that defendants failed to properly investigate the allegations leading to the revocation of his parole and failed to accept testimony from his supervising parole officer. (Compl. at 3.) By this lawsuit, Plaintiff seeks monetary damages. (*Id.* at 4.) No process has been issued in this case.

### II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an employee or officer of a governmental entity, his complaint is subject to

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Furthermore, a claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994) "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

### III. SECTION 1983

Plaintiff seeks monetary relief under 42 U.S.C. § 1983 against three employees of the Texas Board of Pardons and Paroles in their official capacities. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

**A. *Heck* Bar**

In this case, Plaintiff complains that defendants unconstitutionally revoked his parole or failed to investigate such unconstitutional revocation. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. 512 U.S. at 486-87. This doctrine applies to challenges regarding the fact or duration of parole. *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (per curiam); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (per curiam); *McGrew v. Tex. Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995) (per curiam).

In this instance, a ruling granting monetary relief on Plaintiff's claims against defendants would necessarily implicate the validity of his parole revocation. *Heck* thus requires Plaintiff to demonstrate that the revocation has been reversed, invalidated, or overturned prior to bringing an action under 42 U.S.C. § 1983. Although Plaintiff has challenged his parole revocation at the state level, and the habeas court has designated an issue to be resolved in the state habeas process, Plaintiff's answer to the MJQ shows that there has been no such reversal, expungement, declaration of invalidity, or issuance of a § 2254 writ. (*See* Answer to Question 5 of MJQ.) Until Plaintiff receives a ruling declaring his parole revocation invalid, no action will accrue under § 1983 for his current claims. Consequently, Plaintiff's complaint has no basis in law and should be dismissed as frivolous. *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (holding that "[a] §1983 claim which falls

under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question").

Although *Heck* provides a means to dismiss this § 1983 action in its entirety, the action also raises an issue of immunity which is best addressed as a threshold matter. When an action raises an issue of immunity, the Court to the extent it is feasible to do so should determine that issue as early in the proceedings as possible. *Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998); *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

**B. Immunity**

Plaintiff seeks money damages against three individuals in their official capacity as officials of the Texas Board of Pardons and Paroles.

An official-capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "State officials are immune under the Eleventh Amendment when they are sued in their official capacities." *Hines v. Texas*, 76 Fed. App'x 564, 566 (5th Cir. 2003) (per curiam) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). "The Eleventh Amendment secures the states' immunity from private suits for monetary damages filed in federal court." *Neinast v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000). Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Communications v. BellSouth Telecom. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit nor has Congress abrogated the Eleventh Amendment immunity, *see Will v. Michigan Dep't of State Police*, 491 U.S. 58,

4

71 (1989). The Eleventh Amendment protects officials of the Texas Board of Pardons and Paroles from official capacity suits for monetary damages. *Beaty v. Tex. Bd. of Pardons & Paroles*, No. CC-07-037, 2008 WL 447724, at *6 (S.D. Tex. Feb. 18, 2008) (adopting recommendation of Mag. J.)

Plaintiff cannot obtain monetary damages from the State in this official capacity suit against the three employees of the Texas Board of Pardons and Paroles. This official capacity action is barred by Eleventh Amendment immunity.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** Plaintiff's complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) because Plaintiff seeks monetary damages against defendants who are immune from such damages. Such dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

**SIGNED this 11th day of August, 2008.**

                                                                                              _____
                                                                                              IRMA CARRILLO RAMIREZ
                                                                                              UNITED STATES MAGISTRATE JUDGE

---

[2] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE